**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Earl Anthony WEBB, Defendant–
Appellant.**

**No. 97–1116.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 7, 1998.

Decided Oct. 1, 1998.

Robert W. Haviland (argued and briefed), Asst.U.S.Atty., Office of U.S. Attorney, Flint, MI, for Plaintiff–Appellee.

Scott A. Keillor (argued and briefed), Ypsilanti, MI, for Defendant–Appellant.

Before: MERRITT, KENNEDY, and GILMAN, Circuit Judges.

## OPINION

PER CURIAM.

Earl Anthony Webb appeals from his conviction and sentence for conspiring to distribute cocaine in violation of 21 U.S.C. § 846. In support of the appeal, Webb argues that the district court abused its discretion in refusing to allow him to withdraw his guilty plea, which he had entered shortly after the commencement of trial. For the reasons set forth below, we **DISMISS** the appeal for lack of jurisdiction.

## I. BACKGROUND

In February of 1995, the government filed a one-count indictment charging Webb and six other individuals with conspiring to distribute cocaine in violation of 21 U.S.C. § 846. The matter proceeded to trial on October 5, 1995, at which time a jury was empaneled. On the following morning, however, two of the defendants decided to plead guilty and testify against the remaining defendants. In response to this new development, each of the remaining defendants, including Webb, also entered pleas of guilty that morning.

On October 7, 1995, one day after the entry of his guilty plea, Webb wrote the district court a letter on behalf of himself and two of the other defendants. The letter stated that they "were pressured into pleading guilty" and requested that their guilty pleas be withdrawn. The district court subsequently conducted a hearing and found "no adequate reason" to allow the defendants to withdraw their pleas. The district court ultimately sentenced Webb to a 360–month term of imprisonment and entered judgment accordingly.

Webb now appeals from the judgment on the basis that the district court abused its discretion in refusing to allow Webb to withdraw his guilty plea. After reviewing the briefs and hearing oral argument in the present matter, we were satisfied that the district court's refusal to allow Webb to withdraw his guilty plea did not constitute an abuse of discretion. We were prepared, therefore, to affirm the judgment of the district court on that basis. Since then, however, we have discovered a defect in Webb's Notice of Appeal, which reads as follows:

> Comes now Defendant EARL A. WEBB and gives notice of the appeal of his final conviction and sentence entered of record on January 9, 1997.

Because Webb's Notice of Appeal fails to designate the name of the court to which his appeal is taken, we must dismiss the appeal for lack of jurisdiction.

## II. ANALYSIS

■ Before its amendment in 1993, Rule 3(c) of the Federal Rules of Appellate Procedure provided in relevant part as follows:

> The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order, or part thereof appealed from; and shall name the court to which the appeal is taken.... An appeal shall not be dismissed for informality of form or title of the notice of appeal.

Rule 3(c) thus mandated that a notice of appeal: (1) *specify* the party or parties appealing, (2) *designate* the judgment, order, or part thereof that the party or parties are appealing from, and (3) *name* the court to which the party or parties are appealing.

In *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 318, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Supreme Court construed Rule 3(c) as "a jurisdictional prerequisite[.]" The Court reasoned that the requirements of Rule 3, which prescribe the method for taking an appeal, and those of Rule 4, which limit the time in which an appeal may be taken, combine to form "a single jurisdictional threshold." *Id.* at 315, 108 S.Ct. 2405. In so holding, the Court emphasized that "although a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met." *Id.* at 317, 108 S.Ct. 2405.

The principle espoused in *Torres* was reiterated in *Smith v. Barry,* 502 U.S. 244, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992). In determining whether an appellate brief may serve as the "functional equivalent" of a notice of appeal, the Supreme Court initially observed that "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review. Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal." *Id.* at 248, 112 S.Ct. 678 (internal citation omitted).

Rule 3(c) was amended in 1993, and now provides in relevant part as follows:

> A notice of appeal must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal.... A notice of appeal also must designate the judgment, order, or part thereof appealed from, and must name the court to which the appeal is taken. An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.

As with its predecessor, Rule 3(c) as amended requires that a notice of appeal: (1) *specify* the party or parties appealing, (2) *designate* the judgment, order, or part thereof that the party or parties are appealing from, and (3) *name* the court to which the party or parties are appealing. Neither the language of the amended rule nor the advisory committee note thereto suggests that its requirements are no longer jurisdictional in nature.

In *Brooks v. Toyotomi Co., Ltd.,* 86 F.3d 582, 586 (6th Cir.1996), a decision rendered three years after the 1993 amendment to Rule 3(c), this court addressed a notice of appeal that failed to either designate the judgment or order appealed from, or name the court to which the appeal was taken. *Brooks* expressly acknowledged the vitality of the principle espoused in *Torres* and *Smith:*

It is now well established that the requirements of Rule 3 are jurisdictional—and, as the *Torres* Court noted, a litigant's failure to clear a jurisdictional hurdle can never be harmless[.] Notwithstanding the absence of prejudice, we take it, a defective notice of appeal can never confer jurisdiction on an appellate court unless the filing is timely under Rule 4 and conveys the information required by Rule 3(c).

*Brooks*, 86 F.3d at 586 (internal citations and quotations omitted). The *Brooks* court nevertheless considered the merits of the case, stating that "we shall simply assume the existence of appellate jurisdiction *arguendo*, without holding that jurisdiction exists. The end result will be identical to that of a dismissal for want of jurisdiction." *Id.* at 587. The Supreme Court, however, has recently rejected such an approach. *See Steel Co. v. Citizens for a Better Environment,* —— U.S. ——, ——, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998) (declining to endorse the practice of "assuming" jurisdiction for the purpose of deciding the merits of a case "because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers.").

In light of Rule 3(c)'s clear mandate that a notice of appeal must name the court to which the appeal is taken, coupled with the well-established principle that the requirements of Rule 3(c) are jurisdictional in nature, we conclude that we lack jurisdiction over Webb's appeal. Although timely filed under Rule 4(b), Webb's Notice of Appeal neglects to name the court to which his appeal is taken as required under Rule 3(c). Under these circumstances, Webb's Notice of Appeal failed to confer jurisdiction upon this court, notwithstanding any absence of prejudice to the government. *See Brooks*, 86 F.3d at 586.

### III.   CONCLUSION

For the reasons previously set forth, we **DISMISS** Webb's appeal for lack of jurisdiction.